252 So.2d 817 (1971)
James BROWN, Appellant,
v.
MONTGOMERY WARD & COMPANY, an Illinois Corporation, and Universal Firearms Corporation, a Florida Corporation, Appellees.
No. O-203.
District Court of Appeal of Florida, First District.
September 30, 1971.
Rehearing Denied October 19, 1971.
*818 Norton & Wood, Jacksonville, for appellant.
Boyd, Jenerette, Leemis & Staas, and Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for appellees.
WIGGINTON, Judge.
Plaintiff seeks review of a final judgment rendered in favor of defendants. It is plaintiff's contention that the judgment should be set aside because it is based upon an order which erroneously denied him the right to file an amended complaint before trial.
By his complaint plaintiff seeks judgment for damages resulting from personal injuries suffered by him when a firearm manufactured by defendant, Universal Firearms Corporation, and sold by defendant, Montgomery Ward & Company, exploded as a result of defective mechanism. The case was set for trial on October 26, 1970. On October 13, 1970, plaintiff brought on for hearing before the court his motion for permission to file an amended complaint against both defendants on essentially the same cause of action alleged in his original complaint, but which raised different issues of liability as grounds for relief. Upon denial of this motion plaintiff's attorneys announced to the court that they would be unable to offer evidence within the issues to prove that the firearm involved in the case was defective unless plaintiff was allowed to amend his complaint. Based upon such announcement, and because of the reasons expressed by the court in its order of October 13, 1970, denying plaintiff's motion to file an amended complaint, final judgment for defendants was rendered.
Appellant invites attention to the rule of civil procedure which provides that pleadings may be amended by leave of court, which leave shall be freely given when justice so requires.[1] Appellant cites authorities in support of his position which hold to the proposition that our modern rules of procedure establish the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits.[2] These authorities also hold, however, *819 that permission to amend rests in the sound discretion of the trial court and admonishes that doubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused.
Appellant earnestly contends that the trial court abused its discretion in the case sub judice when it denied his motion to file an amended complaint. He urges that the court's action in this respect constituted an arbitrary sic volo sic jubeo, stat pro ratione voluntas. We are unable to agree that the trial court's ruling reached the heights of arbitrariness to which appellant alludes. In its order of denial the trial court found and concluded as follows:
"This Cause came on to be heard this day on plaintiff's motion to file an amended complaint and it appears unto the Court that plaintiff first instituted suit on this claim against the principle [sic] defendant by complaint filed September 18, 1968. That suit, case # 68-7540, involved all of the present parties and no others. An amended complaint was filed in that suit on December 5, 1968. That case was set for trial March 10, 1969; at the request of and by agreement of the parties it was reset for trial April 7, 1969; at the request of and by agreement of the parties it was reset for trial July 21, 1969. By notice filed May 26, 1969 plaintiff voluntarily dismissed that suit.
"Plaintiff renewed his claim by filing this suit, case # 70-342; filing his complaint on January 15, 1970; thereafter at plaintiff's request said cause was set for trial July 13, 1970; plaintiff's motion for continuance was granted and thereafter upon motion of a defendant the case was set for trial October 26, 1970.
"This cause having been set for trial five times this Court does not deem it appropriate that, within two weeks of the time set for trial, the issues be broken and the case necessarily set for trial a sixth time."
From the allegations of the amended complaint proffered by appellant, and the announcement by his attorneys to the court that he would be unable to offer evidence within the issues to prove that the mechanism of the firearm was defective unless allowed to amend his complaint, it clearly appears that the amended pleading would materially change and introduce into the case new issues. Such recasting of the issues would necessarily require a continuance of the trial until some later date in order to permit the parties to prepare themselves on the new issues thus proposed.
The court may, in its discretion, deny any party the right to amend his pleadings if the proposed amendments will change or introduce new issues or materially vary the grounds for relief,[3] or where the filing of such pleadings will delay the suit by necessarily requiring a continuance under circumstances which would be unduly prejudicial to the opposing party.[4] Although it is highly desirable that amendments to pleadings be liberally allowed so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached.
Under the circumstances of this case we cannot say that the trial court abused its discretion in denying appellant the right to file an amended complaint two weeks before the scheduled trial and after several years of pendency in the court. The judgment appealed is accordingly affirmed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Rule 1.190, F.R.C.P., 30 F.S.A.
[2] Maiden v. Carter (Fla.App. 1970), 234 So.2d 168; Richards v. West (Fla.App. 1959), 110 So.2d 698.
[3] Warfield v. Drawdy (Fla. 1949), 41 So.2d 877.
[4] 25 Fla.Jur. 258, 262, Pleadings, §§ 102, 105.