ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Second District, reported at 309 So.2d 262 (Fla.App. 2, 1975), granting respondent’s motion to dismiss the appeal on the ground that it had been prematurely filed. The order of the District Court dismissing the appeal was entered on March 10, 1975. Petition for writ of cer-tiorari was filed here and during the pen-dency of a determination of jurisdiction in this matter, this Court rendered its decision in Williams v. State, 324 So.2d 74, filed December 3, 1975, wherein, we determined that an appeal would not be dismissed because a notice of appeal had been prematurely filed. The instant decision of the District Court under review directly conflicts with Williams, supra, thus vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Constitution of Florida.
In Williams, supra, this Court opined:
“Leaving aside the question of obtaining supersedeas bond, we also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
“Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral prouncement of judgment, but before the judgment is reduced to writing and signed.
2. After the written judgment is signed, but before it is rendered (filed for recording).
3. ^After the written judgment is filed for recording, but before a post-trial motion is decided.
“This list is not to be considered as delineating the only situations in which this ruling applies. Others may arise in future cases. Thus, cases such as Holmes v. State, 267 So.2d 344 (Fla. App. 4th 1972), which held that a notice of appeal must be dismissed if filed prematurely, are expressly overruled.
“Apart from these judgments, decrees, decisions and orders which are required to be recorded, our holding as to the premature filing of a notice of appeal is also to apply in these cases where the judgment, decree, decision or order is not required to be recorded. As to these, Florida Appellate Rule 1.3 only requires that it be ‘filed with the clerk’ as opposed to ‘filed for recording.’
“It is emphasized that our respective holdings herein do not expand the thirty-day appeal period mandated by the Appellate Rules, but rather serve to harmonize the inconsistent prior practices under the rules with this Court’s philosophy that procedural practices should not be permitted to frustrate substantive rights.”
Accordingly, the decision of the District Court is quashed and the cause remanded *16 for further proceedings consistent herewith. Williams v. State, supra.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON, ENGLAND and SUNDBERG, JJ., concur.