378 So.2d 310 (1979)
Margaret A. LEWIS, James T. Moriarty, Kate T. Moriarty, and Sarah J. Johnson, Appellants,
v.
Purie HOWANITZ, Gerald Hernandez, Jr., Richard Kerr, Don Schloesser and Jerome V. Shipley, As and Constituting the Board of County Commissioners of Monroe County, Florida; Mike's Lounge and Package Store, Inc, a Florida Corporation; and Mike McCune, Individually, and D/B/a Mike's Lounge and Package, Inc., a Florida Corporation, Appellees.
No. 79-924.
District Court of Appeal of Florida, Third District.
December 28, 1979.
*311 Edward B. Johnson, Jr., Key West, for appellants.
Richard G. Payne, Key West, Albert I. Caskill, Key Largo, for appellees.
Before SCHWARTZ and NESBITT, JJ., and EZELL, BOYCE F., Jr., (Ret.), Associate Judge.
SCHWARTZ, Judge.
The appellants were the plaintiffs below in an action seeking review of a Monroe County Commission resolution which granted a change of zoning to permit Mike's Lounge and Package Store, Inc., one of the defendants-appellees, to open a bar in a formerly residential area. Their initial complaint was dismissed with prejudice by the lower court on the apparent ground that its allegations indicated that the action had been filed beyond the time permitted, and without following the procedural requirements imposed by the special act, Chapter 65-1910, Laws of Florida (1965), which governs the judicial review of Monroe County zoning decisions. The plaintiffs then moved for rehearing and for leave to amend the complaint, so as to allege facts which, they contended, showed that the action had indeed been timely and appropriately filed. These allegations were supported by attached copies of the documents, including excerpts of the minutes of various meetings, which reflected the pertinent proceedings before the commission. The trial judge denied the plaintiffs' motions and they have taken this appeal from the final judgment entered against them.
Since we agree with the appellants that a refusal to permit the filing of a proposed first amended complaint would, without more, constitute an abuse of discretion, Fla.R.Civ.P. 1.190(e), Avenada, Inc. v. City National Bank of Lauderhill, 375 So.2d 883 (Fla. 3d DCA 1979), the trial court's denial of the motions for rehearing and to amend may be sustained only if the tendered amended complaint showed on its face that the action could not be maintained under Chapter 65-1910. See Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942); Wolfson v. Moye, 214 So.2d 629 (Fla. 3d DCA 1968). We find that the direct contrary is true and therefore reverse the judgment below.
Chapter 65-1910 provides:
Section 1. That Section 10 of Chapter 61-2503, Laws of Florida, Acts of the Legislature Year 1961 be, and the same is hereby amended to read as follows:
Section 10. APPLICATIONS TO COURT FOR RELIEF  Any person or persons, jointly or severally, who may be aggrieved by any regulation, restriction or resolution adopted by the Board of County Commissioners pursuant to this Act, or any taxpayer of the county, may within ten (10) days after the adoption of said regulation, restriction or resolution apply to such Board for a modification or rescission thereof. If such modification or rescission should be refused, any such person or persons may, within thirty (30) days after such refusal, but not thereafter, apply to the Circuit Court of the county for relief... .
There shall be no right to apply to the Court for relief on account of any order, requirement, decision, determination or action of any administrative official unless there shall first have been an appeal therefrom to the Board of Adjustment and a review of its decision or action taken thereon by the Board of County Commissioners, or on account of any decision or action of the Board of Adjustment or the Zoning Board, unless there shall first have been a review thereof by the Board of County Commissioners, all as provided for in this Act. It is the intention of the Legislature that all steps as provided in this Act with regard to appeal *312 and review shall be taken before any application may be made to the Court for relief from matters or things appealable and reviewable hereunder, and that relief through the Courts shall be had only from decisions, regulations, restrictions and resolutions made by the Board of County Commissioners.
The attachments to the proposed amendment showed the following chronology of events:

July 25, 1978. The county commission, by a 3-2 majority, voted to reverse a decision of the zoning board and to grant the change of zoning to Mike's Lounge which is the subject of this proceeding.

August 1, 1978. The county commission voted to postpone, until a later date, the adoption of a formal resolution reflecting the July 25 decision.

August 3, 1978. The present plaintiffs, who were protesting neighbors of the Mike's Lounge property, filed a petition for a rehearing of the zoning change with the commission.

August 15, 1978. Totally without reference to the existence of the petition for rehearing, and without notice to the plaintiffs-protestors, a commission member who had been in the minority moved to reconsider and rescind the July 25 determination. The motion failed, 3-2, and the commission thereupon adopted a resolution which incorporated its prior decision to grant the rezoning.

September 5, 1978. The commission specifically passed upon and denied the plaintiffs' petition for rehearing. Their attorney was so notified the next day.

October 5, 1978. The plaintiffs filed the original complaint in the Monroe County Circuit Court.
The appellees claim that, on these facts, the action is barred by two separate failures to comply with Chapter 65-1910. We find that neither contention has merit.
(1) It is first argued that the required petition for rehearing or, as the statute says, for "modification or rescission," filed by the plaintiffs was a nullity since it was filed before the adoption of the formal resolution on August 15, 1978. The law of Florida is clear, to the contrary of this contention, that a prematurely filed notice of appeal is effective to preserve the party's rights to review of a subsequently entered order. See Altman v. State, 328 So.2d 14 (Fla. 1976); Williams v. State, 324 So.2d 74 (Fla. 1975); Winn-Dixie Stores, Inc. v. Codomo, 372 So.2d 952 (Fla. 3d DCA 1979). We see no reason why this doctrine should not be applied to the directly analogous issue presented by the case at bar.
(2) The county and Mike's also claim that the complaint was untimely since it was filed more than 30 days after August 15, when the minority member's motion to rescind the prior action was defeated. Again, we disagree. When read, as required, so as to promote rather than restrict access to the courts, Lehmann v. Cloniger, 294 So.2d 344, 347 (Fla. 1st DCA 1974), the statute provides that the 30 day period begins only when the aggrieved parties' application for modification or rescission, which is required by the statute, is "refused."[[1]] Since the plaintiffs' petition for rehearing was not denied until September 5, the complaint, filed 30 days thereafter on October 5, was timely.
Because there was thus no basis for the denial of the motions for rehearing and for leave to file the amended complaint, the judgment under review is reversed and the cause remanded with directions to grant these motions and for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] The contrary interpretation would render it possible, as in this very case, for the protestors' right to review to be cut off entirely by a unilateral act of the commission taken without fair notice. Such a result is unacceptable.