ON MOTION FOR REHEARING GRANTED
PER CURIAM.
The defendants’ amended answer was mailed to the court at a time when no leave to amend was necessary. Fla.R.Civ.P. 1.190(a). The trial court’s order setting the cause for trial, which under the cited rule triggered the necessity for leave to amend, was docketed on the next day but one day before the amended answer was docketed.[1] When the case came up for hearing on the plaintiff’s motion for summary judgment, the court decreed that it would not consider the amended answer because it was viola-tive of Rule 1.190. This pronouncement had the effect of denying leave to amend and was, in our view, an abuse of discretion. See generally Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA), pet. for review denied, 402 So.2d 612 (Fla.1981); Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981); Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980); Lewis v. Howanitz, 378 So.2d 310 (Fla. 3d DCA 1979).
Reversed and remanded for further proceedings consistent with this opinion.

. Therefore, the only reasonable inference is that the amended answer and the notice that trial had been set crossed in the mail.