429 So.2d 404 (1983)
Louise TOWNSEND, Appellant,
v.
Eva B. WARD, et al., Appellees.
No. AN-279.
District Court of Appeal of Florida, First District.
March 29, 1983.
*405 John R. Weed, Perry, for appellant.
Robert Moeller, Cross City, for appellees.
ERVIN, Judge.
In this appeal from a directed verdict entered in favor of appellee (Ward) in an action to quiet title, appellant (Townsend) contends the lower court erred in three respects: first, in denying her motion to amend the original complaint; second, in restricting her evidence at trial to the issue of adverse possession with color of title, and third, in granting appellee's motion for directed verdict at the close of appellant's case. We agree and reverse on all three points.
This controversy centers around the ownership of approximately forty acres of undeveloped land in Lafayette County, Florida. Ward contends that she and her late husband, Lee Lamb, lived on the property during the early 1900's. After her husband's death in 1920, Ward remained on the land for approximately three years until she remarried and moved away. Although the evidence is confusing, due in large part to the advanced age of the parties and their witnesses, it appears that Lee Lamb obtained a loan from the Branford State Bank and, in return, conveyed to the bank a mortgage on the property. Ward left the land after Lee Lamb's death because she was, among other things, unable to make the mortgage payments to the bank.
Townsend contends that the property was deeded by the bank to her late husband, L.A. Townsend, in 1924 after he paid off the mortgage, but that the deed was destroyed by fire in 1929. Ward admits that she made no use of the property after 1923, but claims that record title still lies in Lee Lamb and, therefore, in her as his widow.[1] Townsend contends that she or her agents have made continuous use of the property since 1924, and that she has returned and paid the taxes on the property since that date.
On appeal, Townsend first contends the lower court erred in denying her motion to amend her complaint. The record shows that Townsend filed her quiet title action in 1979. In October of 1980, after some pre-trial discovery was completed, Townsend's attorney withdrew, and a new attorney was substituted. One year later, during the following October, the case was set for trial on *406 Ward's motion, but was rescheduled one month later, also at Ward's request. In the interim, Townsend's attorney filed a motion to amend the original complaint for the purposes of adding the heirs of L.A. Townsend as plaintiffs and of adding an alternative count alleging the existence of a prescriptive easement across the property. Additionally, the proposed complaint asserted separate counts for the separate theories of adverse possession with and without color of title. Although that motion was filed on October 10, 1981, it was not heard until February 26, 1982, some eight weeks before the scheduled trial date of April 22, 1982, and was not denied until March 5, 1982.
Because responsive pleadings had been filed prior to Townsend's motion to amend, leave of court was required to amend. See Fla.R.Civ.P. 1.190(a). Leave to amend, however, "shall be given freely when justice so requires." Id. See also, Sarasota Commercial Refrigeration and Air Conditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980) (leave to amend to be liberally granted). "Generally, the trial court will grant leave to amend a deficient complaint unless there has been an abuse of the amendment privilege, or the complaint shows on its face that there is a deficiency which cannot be cured by amendment." Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679, 680 (Fla. 1st DCA 1982). As we have previously recognized, a trial court may abuse its discretion if it fails to give a plaintiff "at least one chance to amend his complaint." Ayers v. Home Owners Ass'n of Killearn Estates, 360 So.2d 1326 (Fla. 1st DCA 1978). Accord, Lewis v. Howanitz, 378 So.2d 310 (Fla. 3d DCA 1979).
Ward counters that as the case progresses, the liberality with which amendments are to be allowed diminishes. See, Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981), and Brown v. Montgomery Ward & Co., 252 So.2d 817, 819 (Fla. 1st DCA 1971). We do not, however, find either Alvarez or Brown to be controlling in this case. In Alvarez the plaintiff was unable, after six attempts, to state a cause of action that would survive a motion to dismiss, and in Brown the trial had been rescheduled five times when the plaintiff sought to amend the complaint only two weeks prior to trial. Although this case was technically "set for trial" when Townsend first filed her motion to amend, the trial was then rescheduled, a few days later, on Ward's motion. When the motion was heard, some two months remained before the scheduled trial date of April 22, 1982 and, when the motion was denied, approximately six weeks remained before trial. The denial of Townsend's motion to amend her complaint the first time was, under the circumstances, an abuse of discretion which requires reversal.
Townsend next contends the lower court erred in limiting her evidence at trial to the issue of adverse possession with color of title between the years of 1924 and 1945. The record shows that, prior to the commencement of the non-jury trial, Ward's attorney successfully argued that the original complaint stated only a cause of action for adverse possession with color of title based on the destroyed 1924 deed.[2] Therefore, it was argued, Townsend should only be allowed to present evidence in support of that theory and should be further limited to proving such possession before 1946 by virtue of Section 95.16(1), Florida Statutes, which provides, in part, that "... [a]dverse possession commencing after December 31, 1945 shall not be deemed adverse possession under color of title until the instrument upon which the claim of title is founded is recorded... ." The lower court agreed, and Townsend's evidence was so limited.
This ruling did not take into consideration the requisite elements of the two types of adverse possession as recognized by the *407 Florida Supreme Court in Meyer v. Law, 287 So.2d 37, 40 (Fla. 1973):

First, without color of title, the claimant must show seven years of open, continuous, actual possession, hostile to all who would challenge such possession, must both pay all taxes for the seven year period, returning said land for taxes during the first year of occupation, and enclose or cultivate said lands for the seven year period. Second, with color of title, the claimant must show he entered into possession of the premises under a claim based upon a written instrument of conveyance of the premises in question, or deed, or judgment of a competent court, and there has been a continued occupation and possession of the premises, as defined by Section 95.17, Florida Statutes, F.S.A. (and, of course, including the above criteria of openness, etc), for a period of seven years.
(emphasis supplied)
Although we agree that Townsend's original complaint was somewhat inartfully drawn, we consider that she has alleged, albeit in only one count, facts sufficient to state causes of action for adverse possession both with and without color of title. "It is a well-settled rule of law that if a pleading informs the defendant of the nature of the cause of action against him, this should be sufficient." Weich v. Cook, 250 So.2d 281, 282 (Fla. 1st DCA 1971). Moreover, on remand, because the court has been directed to allow Townsend to amend her complaint by including separate counts relating to adverse possession both with and without color of title, we believe the trial court should have no difficulty in permitting the presentation of evidence relating to both theories on retrial. Because the original complaint sufficiently pleads both causes of action, it was error to restrict so severely Townsend's presentation of evidence in support of her complaint.
Finally, Townsend contends that the lower court erred in granting Ward's motion for directed verdict[3] made at the close of Townsend's case. When considering such motion, the court must of course view the evidence in the light most favorable to the non-moving party. See National Car Rental Systems, Inc. v. Bruce A. Ryals Enterprises, Inc., 380 So.2d 529 (Fla. 5th DCA 1980). If there is any evidence to support a possible verdict for the non-moving party, a directed verdict is improper. See, Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980); Medina v. 187th Street Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981). Had Townsend voluntarily chosen to proceed only on a theory of adverse possession with color of title between the years 1924 and 1945, we might agree that a directed verdict was appropriate. Because, however, she was erroneously limited in her proof to that cause of action and time frame, we find that the granting of a directed verdict was improper and must be reversed.
Accordingly, the lower court's order is REVERSED and this cause is REMANDED for further proceedings not inconsistent with this opinion.
MILLS and JOANOS, JJ., concur.
NOTES
[1] It appears, from the record, that Townsend approached Ward in 1976 in an attempt to clear up the title to the property. Ward insists that she had no indication until that time that Townsend was claiming an interest in the property. Instead of agreeing to quit claim any interest she might have in the property to Townsend, Ward then deeded the property to her daughters, Mattie Hurst and Bertha Stevenson.
[2] We observe that the original complaint survived a motion for summary judgment, filed by Ward, which was denied on May 21, 1980. As grounds for that motion, Ward alleged in part that "[t]he plaintiff's complaint to quiet title is apparently based alternatively upon the existence of an alleged lost or unrecorded deed or upon a claim of adverse possession without color of title." (e.s.) For Ward then to argue at trial that she was not on notice of Townsend's claim of adverse possession without color of title was, at best, inconsistent with her own pleadings.
[3] Ward requested, and the lower court granted, a "directed verdict" in this non-jury trial. The appropriate motion in a non-jury trial is, of course, a motion to dismiss made at the close of the plaintiff's case. See, Gibson v. Gibson, 180 So.2d 388 (Fla. 1st DCA 1965); H. Trawick, Florida Practice and Procedure, § 22-13 at 310 (1979 ed.).