449 So.2d 364 (1984)
Tonya PRITCHETT, Appellant,
v.
JACKSONVILLE AUCTION, INC., Julie Rose Trofatter, the Morrison Assurance Co., Inc., Appellees.
No. AS-154.
District Court of Appeal of Florida, First District.
April 13, 1984.
Henry E. Davis of Washington, Monroe, Davis & Buggs, Jacksonville, for appellant.
Martin J. Mickler and Glenn E. Cohen of Bullock, Sharp, Childs, Mickler & Cohen, P.A., Jacksonville, for appellees.
ERVIN, Chief Judge.
Appellant Pritchett seeks review of a directed verdict entered in favor of appellees in a personal injury suit for damages against the driver of a vehicle, the vehicle's owner and its insurer. Pritchett contends that the question of whether Trofatter the driver backed the vehicle over her without reasonable regard for her safety was a question for the jury to consider after reviewing all of the circumstances and inferences *365 drawn from the evidence. We agree and reverse.
On the evening of September 6, 1980, after consuming four or five drinks during a one-and-one-half to three-hour period at the Panama Bar and Lounge (bar) in Jacksonville, Pritchett walked out the front door of the bar and toward the parking lot. Elizabeth Tibbattes, who had been sitting next to Pritchett in the bar, observed that she had appeared to be intoxicated due to her slurred speech and difficulty in walking, and, becoming concerned for her safety, followed her outside. As Tibbattes stood at the front corner of the bar, she first saw Pritchett lie down in the parking lot, then stand up, take a couple of steps, and fall down less than five feet behind and a little to the right side of a white pickup truck. Pritchett next attempted unsuccessfully to stand up, but again fell back down. Meanwhile, Trofatter left the bar from the same door as had Pritchett and Tibbattes, approached the parking lot from the same corner of the bar where Tibbattes was standing, entered the pickup truck from the driver's side, and, turning in her seat while backing the vehicle and seeing no one, backed the truck over appellant, causing her shoulder and hip injuries.
Trofatter testified that she never at any time saw Pritchett lying in the parking lot. Tibbattes, on the other hand, stated that Pritchett's body was visible to her from the corner of the building where she was standing, and the evidence reasonably infers that Trofatter could or should have been able to see Pritchett as she left the bar in close proximity to where Tibbattes was standing.
Considered in the light most favorable to Pritchett, the record as a whole persuades us that there is a genuine issue of fact as to whether Trofatter should have noticed Pritchett and whether she exercised reasonable care in backing her truck out of the lot. When considering the propriety of a motion for directed verdict, the evidence of course must be considered in the light most favorable to the non-moving party, and if there is any evidence to support a possible verdict for such party, a directed verdict is improper. Townsend v. Ward, 429 So.2d 404 (Fla. 1st DCA 1983); Guy v. Kight, 431 So.2d 653 (Fla. 5th DCA 1983). Moreover, a directed verdict in a negligence action should only be entered if the plaintiff could not recover under any reasonable view of the evidence. Whitten v. State Farm Fire and Casualty Company, 430 So.2d 528 (Fla. 4th DCA 1983). This rule is particularly important in cases where, as here, the doctrine of comparative negligence applies. See Reinhart v. Seaboard Coast Line Railroad Company, 422 So.2d 41 (Fla. 2d DCA 1982).
Reversed and remanded for new trial.
BOOTH and ZEHMER, JJ., concur.