461 So.2d 298 (1985)
TREND REALTY OF GAINESVILLE, INC., Appellant,
v.
Fred B. Bullard, Jr., Marion E. Forsman, Julian H. Lifsey, and Frank W. Palmer, Appellees.
No. AX-100.
District Court of Appeal of Florida First District.
January 8, 1985.
John F. Roscow, III, Scruggs & Carmichael, and C. Gary Moody, Gainesville, for appellant.
Herbert T. Schwartz, Schwartz & Wilson, Gainesville, for appellees.
SHIVERS, Judge.
Trend Realty of Gainesville, Inc. (the realtor) appeals final order of the trial court directing a verdict for Fred B. Bullard, Jr., et al. (the owners).
Upon perusal of the record and after able oral arguments by counsel for both sides, we conclude that it was improper for the trial court to direct a verdict. We reverse since there are questions of evidence that should be considered and determined by a jury in reaching a verdict. The evidence as a whole, with all reasonable deductions to be drawn therefrom, does not point to but one possible conclusion.
We find conflicting evidence on at least three important points:
1. Whether Julian H. Lifsey, one of the joint venturers or partners, had authority to bind the other joint venturers or partners in negotiating the terms of a contractual agreement.
2. Whether the terms of the "Purchase Agreement" dated July 8, 1981, signed by *299 Philip I. Emmer, as purchaser, were agreed to by Julian H. Lifsey.
3. Whether there was agreement on Article 7.07 of the "Purchase Agreement."
In reviewing a directed verdict the appellate court must consider the evidence in a light most favorable to the party moved against. Although the evidence is conflicting, the evidence taken in a light most favorable to appellant realtor shows that Lifsey and Emmer came to an agreement concerning every item of the transaction, despite the fact that this was a complex transaction. It was error to direct a verdict against the appellant where the jury could lawfully have returned a verdict for the appellant on the issues.
REVERSED and REMANDED.
THOMPSON and ZEHMER, JJ., concur.