532 So.2d 717 (1988)
Barbara D. SNEDEGAR, Appellant,
v.
James J. ARNONE and Child Protection Team, Inc., Appellees.
No. 4-86-3009.
District Court of Appeal of Florida, Fourth District.
September 14, 1988.
Rehearing Denied November 14, 1988.
Philip Burlington of Edna L. Caruso, P.A., and Kocha & Jones, West Palm Beach, for appellant.
Michele I. Nelson of Paxton, Crow, Bragg & Smith, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal by a plaintiff from an adverse jury verdict and final judgment. We reject two of the plaintiff's three contentions but agree with her third, and reverse and remand for new trial.
At the charge conference the plaintiff requested that the court give Florida Standard *718 Jury Instruction 6.2b respecting aggravation of a preexisting condition. The defense objected on the ground it did not think there was testimony showing aggravation of a preexisting condition. Plaintiff's counsel said there was testimony about pain in her shoulder and that it was not shown what had caused pain in her shoulder back in 1978 or 1979; that there was testimony of a bursa, and the jury could find aggravation of the earlier condition. To the court's query about whether a doctor had testified on this the defense answered no.
The defense did not request an instruction regarding the permanency threshold for recovery under the no fault insurance statute, section 627.737(2), Florida Statutes, and no such instruction was given.
During closing argument, counsel for the defense said the following:
Was Mr. Arnone negligent?
He was.
You're going to hear ... a statute be read to you that a person does have to keep his vehicle far enough back so he can stop... .
I indicated in opening statement on behalf of the Defendant you would probably find some fault of him being a little too close under the facts and circumstances of this particular case. I guess it's up to you to decide whether it was unreasonable. They had just taken off from a traffic light and he was a car length or two behind her. I submit she stopped suddenly; he may have been too close and there may well be some negligence [that] is actionable and the verdict is to be rendered in favor of the Plaintiff not just if Mr. Arnone was negligent but that his negligence caused damages.
If the Plaintiff wasn't hurt in the accident, even care  there is no recovery because the negligence has to be a legal cause of damages.
After deliberating for about forty-five minutes the jury presented the court with two questions. One was whether the verdict form question on damages required a dollar amount or a percentage figure. The answer was that if there were damages the response should be a dollar amount. The second question was, "How do we proceed if we feel that  yes  his car did, in fact, hit the truck  but we don't feel that any physical damage occurred?" The judge said the verdict form was not inquiring whether the car hit the truck, but whether there was negligence that was the legal cause of damage to the plaintiff.
The jury in its verdict answered no to the question whether there was negligence on the defendant's part that was the legal cause of damages to the plaintiff, and awarded no damages.
Florida Standard Jury Instruction 6.2b, if given, would have incorporated as a possible element of damages the following:
Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such injury. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant's) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.
This instruction is said to be derived from the opinion in C.F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937).
Appellant reasonably reads the colloquy preceding the denial of her request for this instruction to indicate the reason for the denial was the attorney's response that there was not a physician's specific testimony that a preexisting condition was aggravated by the accident.
We conclude there was a basis for considering the possibility that a preexisting condition was aggravated by the accident. The record reveals a history of injuries to parts of appellant's body, particularly her right shoulder, which could have been made worse by the accident. True, much of this was brought out by the defense, *719 rather than by plaintiff; but we find no case law that says the pertinent evidence must have been part of plaintiff's case in chief; and appellant points out that in her initial complaint she pled the aggravation of a preexisting or latent condition.
In Collins v. Burns, 160 So.2d 550, 551 (Fla. 3d DCA 1964), wherein the majority nevertheless found no error in the trial court's striking of damages for aggravation of a preexisting condition, it is stated that if any competent evidence had been introduced to show such injury, this would have been a matter for the jury. A dissenter on the appellate court felt the testimony of a physician constituted sufficient evidence of aggravation to warrant placing the issue before the jury. This case is not precisely on point, as it does not concern a requested instruction, but it seems to tie in with the instant issue.
It has been stated in Seguin v. Hauser Motor Company, 350 So.2d 1089 (Fla. 4th DCA 1977), that each party in a case is entitled to have the jury instructed on his theory of the case, and the trial court was held to have erred when it refused, in a personal injury case, to give the requested special instructions. In Blount v. State, 30 Fla. 287, 11 So. 547 (1892), it was said that a requested instruction that is proper in all respects, announcing a proposition of law applicable to the case and in harmony with the theory of one of the parties, and not adequately covered by other instructions, should not be denied.
There is case law which says that there is no error if an instruction is denied which was not requested in writing. E.g., Johnson v. State, 229 So.2d 13 (Fla. 4th DCA 1969). The record shows that there was a written request for this instruction in the instant case.
Appellee argues first that a twenty-year-old injury hardly is a sufficient basis for inference by the jury of aggravation, and that there would have had to be medical expert testimony that the preexisting condition was still in existence at the time of the accident. However, there was evidence of right shoulder symptoms much more recent than twenty years; and there is no case law that suggests specific medical testimony is required. Fact questions are, after all, for the jury, not for the witnesses.
Appellee argues next that even if there was error, it was harmless, since the jury determined in answer to a specific verdict form question that appellee had not by his negligence caused injury to appellant. This sounds logical on the surface; however, what if the jury came to this conclusion because it believed a defendant could not be liable for damages when there has been aggravation of a preexisting condition?
The jury here was not apprised of all the pertinent law. It is not possible to determine whether the jury would have concluded differently had it known that damages can be apportioned when there is aggravation of a preexisting or latent condition. When an erroneous instruction is given, the proper test is not whether the jury was actually misled, but whether the jury might reasonably have been misled. See Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962). Such a test seems appropriate also when a request for a special instruction that is justified by the evidence is refused.
Lay people are not lawyers; in fact, our justice system desires that a jury not apply law other than that brought to their attention by the court. We cannot say that a jury in circumstances like the instant one  in the absence of instruction  would conclude that a defendant's negligence was not the legal cause of damages to a plaintiff when they perceived only apparent aggravation of an existing condition, or whether a jury would conclude that the subsequent flare-up of physical problems would have occurred even if the rear-end collision had not occurred.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.