DOWNEY, Judge.
Appellant, Pride Furniture Corporation (Pride), appeals from a final judgment in favor of appellee, Hollywood Federal Savings and Loan Association (Hollywood), based upon an order of involuntary dismissal of Pride’s counterclaim.
Hollywood held a first mortgage lien upon property owned and being developed by Windwood Isles, Inc. The development involved the construction of some ten condominium buildings housing approximately eighty units. Pride, a subcontractor on the job, installed cabinets in the various condominium buildings. Prior to the completion of construction, the developer defaulted on the Hollywood mortgage and numerous other mechanics and materialmen remained unpaid. In due course Pride filed a mechanic’s lien resulting in Pride’s becoming one of many defendants in the foreclosure of the Hollywood mortgage. Hollywood settled with the myriad of other defendants just prior to trial and the case proceeded against Pride alone. At the close of the evidence adduced by Pride in support of its counterclaim, the court granted Hollywood’s motion for directed verdict and final judgment thereon followed.
In its counterclaim Pride alleged that Hollywood should pay the balance due on Pride’s contract because, otherwise, Hollywood would be unjustly enriched. It was contended that Hollywood was in actuality a co-owner with Windwood Isles, Inc., and a joint venturer and, thus, was obligated to creditors of the project. Furthermore, Pride alleged that Hollywood did not exercise reasonable care in disbursing construction funds while acting as co-developer of the project. In support of those contentions, Pride points to evidence reflecting that the amount of the acquisition loan made to Windwood Isles exceeded the costs of the land; Hollywood paid for all or part of the costs of development, including overhead of the developer; Hollywood had a right to control the project that it exercised throughout the course of the project; Hollywood was entitled to joint venture fees on the sale of each unit; and there was evidence from which the trier of fact could conclude that Hollywood was to share in the profits and losses of this project.
Hollywood contends that the evidence showed there was no written contract, a rarity in a joint venture relationship as acknowledged in Kislak v. Kreedian, 95 So.2d 510 (Fla.1957). Furthermore, it is contended that Pride failed to prove all of the elements of a joint venture, thus justifying the directed verdict.
Without detailing all of the evidence, suffice to say that, viewing the evidence adduced in support of the counterclaim according to the appropriate standard for appellate review, i.e., in a light most favorable to the party moved against, Trend Realty of Gainesville, Inc. v. Bullard, 461 So.2d 298 (Fla. 1st DCA 1985), a directed verdict was not indicated. While proof of a joint venture absent a written contract is indicative of no such agreement, Kislak v. Kreedian, there is some evidence here that gives rise to inferences that could be accepted as showing such a relationship. Thus, it was for the trier of fact to decide the issues to be drawn therefrom, rather than direct a verdict. The deposition testimony of David Mazza, senior vice-president of Hollywood and intimately involved in this loan, to some degree would seem to corroborate some of Pride’s theories as to joint obligation, interest, and control as between Hollywood and Windwood Isles.
Accordingly, we reverse the judgment appealed from and remand the cause to the trial court for further proceedings upon Pride’s counterclaim.
STONE, J., concurs.
POLEN, J., concurs specially with opinion.