571 So.2d 1368 (1990)
Joe Henry THALGOTT, Appellant,
v.
Sally Suzanne THALGOTT, Appellee.
No. 90-437.
District Court of Appeal of Florida, First District.
December 11, 1990.
*1369 Joe Henry Thalgott, pro se.
Charlotte I. Hunter, Ocala, for appellee.
ERVIN, Judge.
Appellant, Joe Thalgott, the former husband, appeals a modification order increasing his child-support obligation and requiring him to pay his former wife's attorney's fees incurred in the action below. Appellant contends that the trial court erred in imputing income to him and appellee without taking any testimony from appellee or giving appellant the opportunity to testify or cross-examine appellee on this issue; in failing to permit appellant to inquire whether payments appellee had received from her parents should be considered income; in awarding appellee attorney's fees; and in failing to order shared parental responsibility. We reverse and remand as to the first three issues, but affirm as to the last for the reason that appellant did not raise the issue of shared responsibility below, and, therefore, failed to preserve this point for resolution on appeal.
The parties were divorced in 1980, and appellee was given custody of their two minor children. The former husband was required to pay $175.00 per month child support. At the time of the divorce, appellant had a bachelor's degree in education and had taught school for two years. He had also worked in law enforcement for five years and had been self-employed with a lawn service. Shortly after the divorce, appellant remarried and moved to Georgia, where he obtained a law degree and then twice took and failed the bar examination. While attending law school, he went into the painting business to supplement his income. At the time of the final hearing he was working as a painting contractor. He stated that he had never earned more than $11,000 in actual income per year following the divorce.
Since 1981, appellee has primarily been a homemaker. She worked in an interiordecorating shop between 1981 and 1982, a t-shirt shop between 1982 and 1983, and at the Central Florida Zoo in 1987. Appellee stated in an interrogatory answer that she had "completed training for interior decorating and work as a travel agent."
In February 1989, appellant filed a petition for modification of the final judgment, seeking a change of custody. Appellee filed a counter-petition to modify child support, requesting an increase in child support. At the final hearing, a mutually agreed-upon psychologist who had conducted psychological evaluations of the parties and their children testified that the children were happy and well-adjusted living with the former wife, and that a change of custody was not recommended. After appellant had rested his case regarding the change of custody issue, appellee moved for a directed verdict on the grounds that husband had failed to establish either a substantial change in circumstances, or that it was in the best interests of the children to modify custody. The court granted the motion. Then, without a further motion by appellee, and without hearing any testimony by either party, the court decided the child-support issue as well.
In so doing the court noted that the psychologist testified that the former husband had informed him he made about $18,000 gross the previous year. Based upon this testimony the court made the following finding:
I think Mr. Thalgott was candid with Dr. Poetter when he said that he earned approximately $18,000 a year. If not, the law of Florida allows me to [impute] income to Mr. Thalgott. Certainly, with his education and background and experience, that $18,000 a year is certainly an income that would be minimum for somebody of his stature to earn.
The judge therefore attributed income of $18,000 per year to appellant. He also concluded that there was no good reason for the former wife not to work, and consequently imputed an income of $600 a month *1370 to her.[1] The court then determined the parties' total combined net monthly income, including the imputed income amounts, to be $2,100. Pursuant to Section 61.30(6), Florida Statutes (1989), the parties' combined monthly income required child support payments of $709. The former husband's share of the total was found to be 70 percent, or $496. Because appellee was not employed, the judge ordered appellant to pay her attorney's fees in the amount of $6,621.55.
The primary difficulty that we have with the court's order increasing child support is that the former husband was given no opportunity below to develop the arguments he makes now on appeal. Among other things, appellant argues that appellee has received a steady source of income from her parents during the past eight years which should have been taken into account as part of her income. Under Section 61.30(2)(a)13, Florida Statutes (1989), income includes "[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses." In an interrogatory propounded to the former wife, appellant made the following request: "List expenses, allowances or in-kind payments that have been provided by your parents in the last eight years." As her answer, appellee provided a list of household expenses paid by her parents between 1983 and 1988, which averaged approximately $20,000 per year.[2] Nevertheless, appellant was not permitted to examine appellee on this issue before the court.
The trial court's disposition of the issue of the former wife's entitlement to an increase in child support was clearly premature, and in our judgment the court erred in deciding this issue on appellee's motion for directed verdict[3] and awarding her such relief without permitting the parties to fully present evidence as to their respective incomes.
The same principles that are applicable to motions for directed verdict are generally applicable to motions for dismissal in nonjury actions. See Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957). Like motions for directed verdict in jury trials, when moving for dismissal or involuntary dismissal in a nonjury trial, the movant necessarily admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the nonmoving party. Day v. Amini, 550 So.2d 169 (Fla. 2d DCA 1989). Florida Rule of Civil Procedure 1.420(b), relating to involuntary dismissal of actions, requires that before a party may move for dismissal in an action tried by the court without a jury, the other party must be given the opportunity to complete the presentation of his or her evidence. Thus, in their construction of the above subsection of the rule, numerous appellate courts have held that trial courts erred in dismissing a nonjury action before the completion of the plaintiff's evidence. See, e.g., Dodge v. Weiss, 191 So.2d 71 (Fla. 1st DCA 1966); SGS Enters., Inc. v. Cates, 547 So.2d 226 (Fla. 4th DCA 1989); In re Estate of McCoy, 445 So.2d 680 (Fla. 2d DCA 1984); *1371 Underground Supply Co. v. Mason, 365 So.2d 447 (Fla. 4th DCA 1978).
In the case at bar, not only had appellee not completed her evidence in support of her petition for increased child support, she had not presented any testimony at the hearing directed to that issue. Notwithstanding the posture of appellee's case, the court granted the motion for directed verdict, with the result that appellant was given no opportunity to develop his contrary position. Under the circumstances, the court's disposition of the modification of the child support issue was premature.
We therefore affirm the order insofar as it denies modification of the final judgment of dissolution concerning the custody of the parties' children, but reverse that portion of the order granting the former wife an increase in child-support payments, and we remand the case for further proceedings as to this issue. Because the issue of attorney's fees may also be affected by such further evidence, we reverse and remand regarding that issue as well.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WIGGINTON, J., concurs.
BOOTH, J., dissents without written opinion.
NOTES
[1] This figure was based upon an affidavit in response to a pre-trial order directing the wife to provide a proposed figure for child support "to be based on minimum wage as salary for the Wife, assuming that the Wife would work [a] forty (40) hour week." The former wife's affidavit suggested to the court that income in the amount of $576.20 could be imputed to her, which after proper deductions resulted in $532.93.
[2] Appellee contends that the payments were gifts and cannot be characterized as in-kind payments. Appellee moreover asserts that payments from grandparents cannot be factored into child-support considerations, because grandparents have no legal obligation to furnish support for their grandchildren. Although this is true, the fact that appellee's parents may on a regular basis pay their daughter's expenses goes to the issue of appellee's income, which is fundamental to the issue of her child-support obligation, and should not be mischaracterized as an attempt to require the grandparents to pay child support.
[3] Although appellee labeled her motion as one for directed verdict, the appropriate motion in a nonjury trial, such as that at bar, is a motion to dismiss made at the close of the plaintiff's case. See Townsend v. Ward, 429 So.2d 404, 407 n. 3 (Fla. 1st DCA 1983); H.P. Trawick, Florida Practice & Procedure, § 22-13 (1985).