ERVIN, Judge.
Appellants, Elinor J. Scott and Joe Scott, challenge a final judgment that set aside a jury verdict in their favor on their negligence claim and directed a verdict for appellee, Otis Elevator Company, which was the defendant below, on the basis that the Seotts failed to establish proximate cause. We reverse and remand with directions to reinstate the jury verdict.
When considering the propriety of a directed verdict, the evidence must be considered in the light most favorable to the nonmoving party, with every conflict and inference resolved in his or her favor, and a directed verdict is improper if there is any evidence to support a possible verdict for the nonmoving party. Pritchett v. Jacksonville Auction, Inc., 449 So.2d 364, 365 (Fla. 1st DCA 1984); Trend Realty of Gainesville, Inc. v. Bullard, 461 So.2d 298, 299 (Fla. 1st DCA 1985); McDonald v. McGowan, 402 So.2d 1197, 1199 (Fla. 5th DCA), review dismissed sub nom. Allmon v. McDonald, 411 So.2d 380 (Fla.1981). A directed verdict in a negligence action should only be entered if the plaintiff could not recover under any reasonable view of the evidence. Pritchett, 449 So .2d at 365.
We conclude that the expert testimony the Seotts offered, while weak, was sufficient to establish a prima facie case of negligence, including the proximate cause element.
REVERSED and REMANDED with directions to reinstate the jury verdict.
WEBSTER and MICKLE, JJ., concur.