674 So.2d 781 (1996)
TICOR TITLE GUARANTEE COMPANY and Ticor Title Insurance Company, Appellants,
v.
Michael V. HARBIN and Deborah A. Harbin, Appellees.
No. 95-1323.
District Court of Appeal of Florida, First District.
April 24, 1996.
Rehearing Denied June 18, 1996.
*782 Ralph P. Mangione & V. Stephen Cohen, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for Appellants.
Fred M. Johnson, Fuller, Johnson & Farrell, P.A.; Barbara Hill, Tallahassee, for Appellees.
MICKLE, Judge.
Appellants, defendants below who obtained a favorable jury verdict, challenge a final order granting appellees' motion for judgment in accordance with a motion for directed verdict and granting appellees' motion for new trial on the issue of damages. We reverse and remand with directions to reinstate the jury verdict.
Appellate review of an order granting a motion for judgment in accordance with a prior motion for directed verdict is identical to that where an ordinary motion for directed verdict is involved. Presented with such a motion, the court must view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made. Only where there is no evidence upon which a jury could properly rely, in finding for the non-moving party, should a directed verdict be granted. Collins v. School Board of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985). A directed verdict is improper if there is any evidence to support a possible verdict for the non-movant. Pritchett v. Jacksonville Auction, Inc., 449 So.2d 364 (Fla. 1st DCA 1984). Sub judice, we have examined the record and find ample, competent, and substantial evidence supporting the jury verdict. We therefore REVERSE the order granting the motion for judgment in accordance with the motion for directed verdict and granting new trial, and REMAND with directions to reinstate the jury verdict.
REVERSED and REMANDED with directions.
MINER and LAWRENCE, JJ., concur.