PER CURIAM.
 

 Appellant, Clay Harris, as personal representative of the estate of Charlotte Harris (“Mrs.Harris”), has appealed a final judgment entered upon a directed verdict in favor of Appellees, Steven Gandy, M.D. (“Dr. Gandy”,) and Panhandle Anesthesiologists, Inc., in a medical malpractice action. Appellant filed an action for wrongful death against Dr. Gandy, Panhandle Anesthesiologists and Bay Medical Center.
 
 [1]
 
 The appellant alleged that even though Mrs. Harris presented for surgery with a well-documented history of gastroe-sophageal reflux disease, Dr. Gandy negligently provided mask anesthesia without protection of the patient’s airway by endo-tracheal intubation. Appellant alleged that as a result of Dr. Gandy’s negligence, Mrs. Harris aspirated contents from her stomach into her lungs during surgery which ultimately caused her death forty-eight days later.
 

 Dr. Gandy defended on two grounds. First, in his judgment, the risk of bron-chospasm posed by intubating an asthmatic patient such as Mrs. Harris outweighed the risks of aspiration since Mrs. Harris was not having symptomatic reflux. Second, Dr. Gandy contended that there was no causal connection between his choice of anesthesia (use of the mask) and Mrs. Harris’ death.
 

 At the conclusion of appellant’s case, appellees moved for a directed verdict. The trial court granted the motion, finding the appellant had failed to introduce sufficient evidence that Dr. Gandy breached the standard of care or that his actions caused the decedent’s death. Appellant filed a timely appeal, challenging the trial court’s directed verdict in favor of appel-lees and raising two other issues. Because we find that the appellant introduced suffi-
 
 *571
 
 dent evidence that Dr. Gandy breached the standard of care and that the breach caused Mrs. Harris’ death, we reverse. We reject, without further discussion, other issues raised by appellant on appeal.
 

 When considering a motion for directed verdict, the court must evaluate the facts and inferences drawn from the evidence in a light most favorable to the non-moving party.
 
 Kowkabany v. Home Depot, Inc.,
 
 606 So.2d 716, 719 (Fla. 1st DCA 1992). A directed verdict is not proper where there is any evidence to support a verdict for the non-movant.
 
 'li-cor. Title Guar. Co. v. Harbin,
 
 674 So.2d 781, 782 (Fla. 1st DCA 1996). If there are any conflicts in the evidence or different reasonable inferences to be drawn from the evidence, a motion for directed verdict should not be granted.
 
 Goss v. Permenter,
 
 827 So.2d 285 (Fla. 5th DCA 2002). “Motions for directed verdict are rarely appropriate in negligence cases.”
 
 Howell v. Winkle,
 
 866 So.2d 192, 195 (Fla. 1st DCA 2004).
 

 Concerning the standard of care, the critical issue was whether Dr. Gandy should have administered anesthesia by endotracheal intubation rather than by mask. As both parties and the trial court acknowledged, the decisive issue in determining whether Dr. Gandy breached the standard of care by administering general anesthesia by mask rather than endotra-cheal intubation is whether Mrs. Harris was having symptoms of active reflux that were not controlled by medication at the time of the procedure. The trial court found that the only evidence on the issue was the testimony of Dr. Gandy and the nurse anesthetist, Christy Smith. The trial court also found that the evidence, in the form of testimony from Dr. Gandy and Christy Smith, was “undisputed” that the patient told them she was not having reflux at the time of the procedure.
 

 Here, appellant introduced sufficient evidence from which a jury could have determined that Mrs. Harris was suffering from symptomatic reflux at the time of her surgery. Although Dr. Gandy and the nurse anesthetist testified that Mrs. Harris told them she was not suffering from symptomatic reflux, the appellant introduced evidence from which a juror could conclude that Mrs. Harris was in fact suffering from symptomatic reflux on the day of surgery. Specifically, the appellant introduced information listed on “pre-anesthesia” forms, which indicated in the “gastrointestinal” section that the appellant suffered from reflux and was taking medication to control the reflux. The forms also indicated that Mrs. Harris slept with the head of her bed elevated.
 
 [2]
 
 When viewed in the light most favorable to the appellant, a juror could have considered the information on the pre-anesthesia forms and concluded that Mrs. Harris was in fact suffering from symptomatic reflux on the date of her surgery, given her need for medication to control the reflux and the fact that she slept with her head elevated. Because, in the light most favorable to appellant, there was a conflict between the testimony and the information on the pre-anesthesia forms, a directed verdict was not proper.
 
 Cf. Hughes v. Slomka,
 
 807 So.2d 98, 100 (Fla. 2d DCA 2002) (directed verdict improper where medical records conflicted with physician’s testimony).
 

 As to the issue of causation, the appellant introduced sufficient evidence to survive a motion for directed verdict. Appellant’s expert, Dr. Kain, pointed out that aspiration can cause “lung infiltrates,” a fever, fluid retention, a drop in blood pressure, “cardiac infraction,” renal failure,
 
 *572
 
 and Adult Respiratory Distress Syndrome, all of which Mrs. Harris suffered after her surgery. In his opinion, Mrs. Harris aspirated during the surgery when she was on controlled ventilation. He testified that controlled ventilation dramatically increases the chances of aspiration occurring. Further, Dr. Kain testified, within a degree of medical certainty, that Mrs. Harris aspirated as a result of being administered mask anesthesia, and that it was more likely than not that the aspiration caused Mrs. Harris’ death. This was sufficient to survive a motion for directed verdict on the issue of causation.
 

 For the reasons discussed above, we REVERSE the trial court’s order granting appellees’ motion for directed verdict and REMAND for a new trial.
 

 LEWIS and THOMAS, JJ„ and LAWRENCE, JR, L. ARTHUR, Senior Judge, concur.
 

 [1]
 

 . The appellant settled with Bay Medical
 
 Cen
 
 ter prior to trial.
 

 [2]
 

 . Reflux is more likely to occur if a patient sleeps fully reclined.