# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-4661
_____

KAITLYN R. TURNER,

  Appellant,

  v.

RICHARD GAMIZ,

  Appellee.

_____

On appeal from the Circuit Court for Duval County.
Gary L. Wilkinson, Judge.

September 29, 2021

B.L. THOMAS, J.

Appellant was involved in an automobile accident, and Appellee admitted liability. The only trial issues were related to damages, causation, and permanency of injury. Although the jury returned a verdict in favor of Appellant, the jury did not address whether Appellant was entitled to damages relating to the aggravation of a preexisting condition, because the trial court excluded the jury instruction and related testimony on this issue. We reverse and remand for a new trial on damages.

Dr. Powell, an expert witness for Appellant, testified that a review of Appellant's medical records showed that Appellant had headaches before the accident that became more frequent and persistent after the accident. He testified that Appellant's medical

records indicated that her chiropractor had diagnosed her with migraines before the accident. The records also showed that after the accident, Appellant experienced escalating migraines, which was uncommon for migraine patients. He further opined that Appellant suffered from migraine headaches that were likely caused by the accident.

Appellant's father testified that he learned Appellant's migraines were permanent three days after the accident. He stated that was the only time Appellant had complained of migraines to him.

Appellant testified that before the accident, she did not know what a migraine was, but she experienced headaches on the left side of her head. After the accident, she experienced chronic migraines on the right side of her head. She experienced these migraines four to five days a week, and the pain from the migraines was sometimes incapacitating.

On cross-examination, Appellee's counsel asked Appellant if she had migraines before the accident. Appellant responded:

I don't know what I had. I didn't go to a neurologist. We have a few documents that say migraines. If we want to call those migraines, but it is not even close to what I am experiencing now. It is not even close. I wish I could describe to you the pain of which I have experienced after this accident and how the headaches—let's just call them headaches—the headaches before in law school and packing and whatnot and daily life, and the headaches that are now a part of my daily life are drastically different.

Appellant rested, and Appellee requested an itemized verdict form. The parties discussed the itemized verdict form and the aggravation instructions. The trial court stated there was no evidence as to the aggravation of a preexisting condition, and Appellee then moved to remove the aggravation issue from the jury instructions and verdict form. Appellee argued that Appellant had tried the case as a new injury, rather than as an aggravated injury, because Appellant had failed to show that she had migraines before the accident. After the parties and the trial court reviewed

the verdict form and jury instructions, Appellee moved for directed verdict at the trial court's invitation. The trial court granted Appellee's motion, reasoning there was no evidence of an aggravation of a preexisting condition. The trial court ordered the aggravation issue be removed from the jury instructions and verdict form.

Appellant moved for reconsideration, arguing that her chiropractor diagnosed her with a migraine before the accident, and that Dr. Powell testified her migraines were aggravated by the accident. Despite stating, "I don't disagree with you that, theoretically, you had the medical evidence; that yes, we had migraines that existed. They were greatly aggravated," the trial court denied Appellant's motion for rehearing.

Appellee then presented his case. Before the jury returned a verdict, the jury submitted three questions to the court, including a question about whether Appellant had migraines before and whether the accident could worsen her preexisting diagnosis. The trial court concluded there was no way to answer the question as the parties' cases were closed. Appellant agreed but argued that the question underscored the need to include the aggravation issue on the verdict form. The jury returned a verdict in favor of Appellant and awarded her damages for her ambulance ride and emergency room visit on the day of the accident, in the amount of $1,428.

Appellant moved for a new trial, arguing, in part, that the trial court committed reversible error in granting Appellee's motion for directed verdict on the issue of aggravation of a preexisting condition, and that the jury did not receive an essential instruction on aggravation of a preexisting condition. The trial court denied the motion and entered a final judgment.

We find the trial court erred by granting Appellee's motion for directed verdict. "An appellate court reviewing the grant of a directed verdict must view the evidence and all inferences of fact in the light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 329 (Fla. 2001); *see also Harris v. Gandy*, 18 So. 3d 569, 571 (Fla. 1st DCA 2009) (stating that a

motion for directed verdict should not be granted if there are any conflicts in the evidence and that "[m]otions for directed verdict are rarely appropriate in negligence cases.") The trial court should have instead limited its ruling to whether the instruction on the aggravation issue should have been given, and we hold that it should have been provided to the jury.

"A trial court's ruling on a jury instruction is reviewed for an abuse of discretion." *Connell v. Riggins*, 944 So. 2d 1174, 1181 (Fla. 1st DCA 2006). A trial court abuses its discretion when it fails to give a proposed instruction that is (1) an accurate statement of the law, (2) supported by the facts of the case, and (3) necessary for the jury to properly resolve the issues, so long as the subject of the proposed instruction is not covered in other instructions given to the jury and the failure to instruct is shown to be prejudicial. *R.J. Reynolds Tobacco Co. v. Jewett*, 106 So. 3d 465, 467 (Fla. 1st DCA 2012).

Here, the trial court abused its discretion when it failed to give the jury instruction on aggravation of a preexisting condition. First, the parties do not argue, and the record does not indicate, that the proposed instruction on the aggravation of a preexisting condition was an inaccurate statement of the law. *See id.* at 467.

Second, the facts established at trial supported an instruction on the aggravation issue. *See id.* at 469. Florida Standard Jury Instruction (Civil) 501.5a states:

> If you find that the (defendant(s)) caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect] . . . you should attempt to decide what portion of (claimant's) condition resulted from the [aggravation] . . . . If you can make that determination, then you should award only those damages resulting from the [aggravation] . . . . However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by (claimant).

The evidence supported an instruction on the aggravation issue because there was evidence that Appellant's preexisting

migraines were aggravated by the accident. Despite Appellant's testimony that she did not have migraines before the accident, Dr. Powell testified that Appellant's medical record indicated she had chronic migraines before the accident. Dr. Powell also testified that these migraines escalated after the accident, and Appellant testified that if her previous headaches were migraines, they were "not even close" to what she experienced after the accident.

Third, the instruction was necessary for the jury to properly resolve the issue. *See Jewett*, 106 So. 3d at 467. "In determining whether a particular instruction is necessary, 'the proper test is not whether the jury was actually misled, but whether the jury might reasonably have been misled' by the absence of the proposed instructions." *Id.* at 469 (quoting *Snedegar v. Arnone*, 532 So. 2d 717, 719 (Fla. 4th DCA 1988)). Absent the instruction on aggravation of a preexisting condition, the jury was left to guess whether it could award Appellant damages for her preexisting condition that was aggravated by the accident. *See id.* Indeed, the jury expressed its confusion by asking the trial court for clarification on the factual issue of aggravation. *See id.* at 471 ("While we independently find sufficient prejudice to warrant reversal, we note that Florida appellate courts have found prejudice, and reversed the failure to give requested instructions, when juries demonstrate an inability to properly resolve factual disputes by asking questions during deliberations that relate to the topic of proposed instructions."). Under these circumstances, the failure to give the jury instruction on the aggravation issue might have reasonably misled the jury, thereby warranting reversal. *See id.*

In conclusion, the trial court's failure to give the instruction on the issue of aggravation of a preexisting condition, despite acknowledging that evidence established Appellant suffered from migraines before the accident and those migraines were aggravated by the accident, constitutes reversible error. We hold that because there was evidence of aggravation, it was error to exclude the jury instruction.

REVERSED and REMANDED.

KELSEY and TANENBAUM, JJ., concur.

5

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Leigh Garner Mooney of Davis, Broussard & Steger, PLLC, Fernandina Beach, for Appellant.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Geneva R. Fountain of Boyd & Jenerette, P.A., Jacksonville; and Melody K. Toma of Law Offices of Robert J. Smith, Jacksonville, for Appellee.