501 So.2d 1321 (1986)
Elwyn BELL, Jr., and Cheryl Bell, His Wife, Appellants,
v.
HARLAND RAYVALS TRANSPORT, Ltd., and John Martin, Appellees.
No. 85-1179.
District Court of Appeal of Florida, Fourth District.
December 31, 1986.
Rehearing Denied February 25, 1987.
*1322 Bernard A. Conko, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
GUNTHER, Judge.
Elwyn and Cheryl Bell appeal a final judgment for defendants, Harland Rayvals Transport, Ltd., and John W. Martin. We reverse.
Elwyn Bell, Jr., was injured when John Martin backed his eighteen wheel tractor-trailer up to the loading dock. Bell, an employee of Cain Feed & Supply Warehouse, was leaning off the edge of the dock, giving hand signals when he was pinned by the truck between the back of the trailer and the metal door frame of the building. The jury returned a verdict finding no negligence on the part of John Martin, and a final judgment for John Martin and his employer, Harland Rayvals Transport, Ltd., was entered.
The only jury instructions given on the issue of negligence in this case were as follows:
The issue for your determination on the negligence claim of the Plaintiffs against the Defendants is whether JOHN MARTIN was negligent in the operation of the vehicle he was driving, and if so, whether such negligence was the legal cause of loss, injury, or damage sustained by Plaintiffs. If the greater weight of the evidence does not support the claim of the Plaintiff, then your verdict on the claim should be for the defendants.
Florida Standard Jury Instruction (Civil) 3.5.
... .
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
Florida Standard Jury Instruction (Civil) 4.1.
We agree with appellants' contention that the trial court erred in denying their request for Florida Standard Jury Instruction (Civil) 3.1(a), which should have been given as follows:
The court has determined and now instructs you, as a matter of law, that the circumstances at the time and place of the incident complained of were such that John W. Martin had a duty to use reasonable care for Elwyn Bell, Jr.'s safety.
Although the defendants assert that the truck driver's duty to use reasonable care was never an issue in this case, and thus, standard jury instruction 3.1(a) was inapplicable, the record reveals otherwise. In essence, the defendants' expert testified that when the truck driver was backing up he had no responsibility to plaintiff who was on foot, up on a loading dock behind the eighteen wheeler. Although the word responsibility, rather than duty, is used, this statement by the defendants' expert raised the question as to whether the truck driver had a duty to use reasonable care toward the plaintiff in the instant case. This question was further highlighted by the defendants' expert's testimony that the truck driver would have owed a duty to use reasonable care if the plaintiff had been a "pedestrian" rather than having been "on foot, on a dock." So the issue of the truck *1323 driver's duty to use reasonable care was clearly created by the testimony of the defendants' expert witness. Therefore, in addition to the two jury instructions given on the issue of negligence in this case, the trial court should have given Florida Standard Jury Instruction (Civil) 3.1(a).
We also agree with appellants' contention that the trial court erred in denying their request for Florida Standard Jury Instruction (Civil) 4.11, which would have informed the jury that a violation of a traffic ordinance, specifically section 316.1985(1), Florida Statutes, is evidence of negligence. In a similar case, jury instruction 4.11 was given where the defendant backing his truck up to an ice platform hit the plaintiff standing on the ground behind the truck and in front of the platform. Green v. Atlantic Company, 61 So.2d 185 (Fla. 1952). Since the evidence substantially supports appellants' theory of the case, they were entitled to the jury instruction concerning violation of a traffic regulation as evidence of negligence. See Ryder Truck Rental, Inc. v. Johnson, 466 So.2d 1240, 1242 (Fla. 1st DCA 1985).
One other point on appeal deserves comment. Although the plaintiffs failed to demonstrate that they properly preserved the error for appeal by timely objecting at trial to the trial court's limiting closing argument to thirty minutes per side, we agree with the plaintiffs' assertion that a thirty-minute limitation was an abuse of discretion. We only comment now to assist the trial court in the retrial of this matter. Previously, this court noted that the appropriate considerations in determining a proper period of time for closing argument should be length of trial, number of witnesses, amount of evidence, importance of the case, number and complexity of issues, amount involved, and press of time. Woodham v. Roy, 471 So.2d 132 (Fla. 4th DCA 1985), review denied, 480 So.2d 1295 (Fla. 1985). In that case, the limiting of closing argument to twelve minutes when the trial took only one and one-half days with three witnesses was error. Id. The thirty-minute limitation of closing argument in this case was error because the case took a week to try and involved complex issues of liability and damages. We recognize that trial courts are under extreme pressures to move cases and keep their dockets current, but those admirable goals should not be accomplished at the expense of fairness to the litigants and without consideration for the jurors who could be greatly assisted in rendering their verdict by the attorneys' closing arguments.
REVERSED AND REMANDED.
HERSEY, C.J., and ANSTEAD, J., concur.