519 So.2d 636 (1987)
Annette YOUNGENTOB and Joel Youngentob, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 4-86-3116.
District Court of Appeal of Florida, Fourth District.
November 12, 1987.
On Petition for Rehearing February 24, 1988.
Corey R. Stutin of Steinberg & Stutin, P.A., Orlando, for appellants.
John R. Hargrove of Tew, Jorden & Schulte, Fort Lauderdale, for appellee.
LETTS, Judge.
An injured car driver appeals, claiming that it was error to give a seat belt instruction. We agree and reverse.
The seminal case about seat belt defenses is Insurance Company of North America v. Pasakarnis, 451 So.2d 447, 454 (Fla. 1984), which unequivocally places the burden of proof on the defense to establish not only that a car is equipped with seat belts, but that they are "operational." In the case at bar, there is absolutely no evidence as to the operability of the belts other than the fact that the automobile was in good condition. Undoubtedly that is so, but we are of the opinion that an essential element of proof to support the Pasakarnis requirement that the seat belts are operational, is absent. As a consequence, it was reversible error to give such an instruction.
In so holding, we do not believe our conclusion conflicts with American Automobile Association v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987) because in that case there was at least some evidence of operability in that the belts "clicked."
REVERSED AND REMANDED FOR A NEW TRIAL.
*637 OWEN, WILLIAM C., JR., Associate Judge (Retired), concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I agree that a new trial is warranted because the trial court's instruction on the seat belt defense was incomplete and contrary to the prevailing law.

ON PETITION FOR REHEARING
PER CURIAM.
The petition for rehearing is denied.
LETTS, J., and OWEN, WILLIAM C., Jr., Associate Judge (Retired), concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would grant the petition for rehearing which requests that instead of ordering a new trial, we simply direct the trial court to enter a final judgment for the amount of appellants' damages as determined by the jury without any deduction for the failure to wear a seat belt.
We have concluded that there was insufficient evidence upon which to submit the seat belt issue to the jury. That being the case, it is unnecessary to have a new trial. Rather, since the interrogatory verdict of the jury specifically determined the total amount of appellants' damages without any deduction for the seat belt issue, the appellants will be made whole by having a new judgment entered without any deduction due to their failure to wear a seat belt. There is simply no necessity for a new trial.
In addition, the appellee correctly points out that the appellant husband was found by the jury to have sustained no permanent injury entitling him to tort damages under Florida's no-fault law. No issue has been raised as to that finding and our opinion should be made clear that we did not intend to disturb that result.