544 So.2d 1046 (1989)
Mary Ann DEVOLDER and James Devolder, Appellants,
v.
Carolyn Garrett SANDAGE, Appellee.
No. 88-01591.
District Court of Appeal of Florida, Second District.
May 17, 1989.
Rehearing Denied June 19, 1989.
*1047 Grover, Ciment, Weinstein, Stauber & Friedman, P.A., Miami Beach, and Marc Cooper of Cooper, Wolfe & Bolotin, P.A., Miami, for appellants.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
PARKER, Judge.
Mary Ann and James DeVolder, wife and husband, appeal a trial court's denial of their motions for new trial, additur, and motion to strike seat belt defense, following a jury verdict for Mrs. DeVolder in the amount of $60,000 and a zero verdict as to Mr. DeVolder on his consortium claim. The trial court reduced the wife's award by one-half based upon the jury's finding that fifty percent of Mrs. DeVolder's damages were attributable to her failure to use a seat belt. We reverse only as to the reduction of the wife's award resulting from the application of the seat belt defense.
A detailed outline of the facts is unnecessary to our decision. This appeal stems from an automobile accident involving Mrs. DeVolder and appellee Carolyn Sandage, in which the vehicle driven by Sandage struck Mrs. DeVolder's automobile in the rear. Sandage admitted liability, and the case was tried before a jury solely on the issue of damages.
The only issue which we find has merit is the reduction of Mrs. DeVolder's damages based upon the seat belt defense. Mrs. DeVolder testified her vehicle was equipped with a seat belt which contained a shoulder harness and that it was her normal practice to wear it. She admitted she was not wearing it at the time of the accident. A doctor testified she related the same story to him. An insurance adjuster also testified at trial she inspected the DeVolder vehicle following the accident, stating "I checked the seat belts, and I did not check the front seat."
At the close of the evidence, the appellants moved to strike the seat belt defense upon various grounds, one of which raised the operability of the seat belt in the DeVolder vehicle. The trial court denied the motion, and the jury returned its verdict decreasing Mrs. DeVolder's damages by fifty percent for her failure to utilize a seat belt.
The supreme court has stated that before a seat belt defense can be submitted to a jury the following competent evidence must have been produced at trial:
1. The seat belt was available and fully operational;
2. The plaintiff's failure to use an available and fully operational seat belt produced or contributed substantially to producing at least a portion of the plaintiff's damages.
Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984). Further, the burden to prove the elements of a seat belt defense by competent evidence rests with the defense. Id. The fourth district has observed that the defense is not entitled to a seat belt instruction where there is no evidence that the seat belts were operational other than the fact the auto was in good condition. Youngentob v. Allstate Ins. Co., 519 So.2d 636 (Fla. 4th DCA 1987). In American Automobile Ass'n v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987), a jury was permitted to consider a seat belt defense where the evidence established that the car involved was relatively new and in good condition, and was equipped with seat belts which "clicked."
A common thread running through these cases is the requirement of competent evidence to show that, at or near the time of the accident, the seat belt or belts in the vehicle were anchored to the vehicle body and contained buckles which close securely when utilized or tested. The evidence in this case does not reach that plateau. The motion to strike the seat belt defense therefore should have been granted.
Nor do we ascribe error to the DeVolders' other issue on appeal regarding Mr. DeVolder's loss of consortium claim. The jury's award to Mrs. DeVolder of $60,000, *1048 while at the same time failing to award Mr. DeVolder any damages upon his claim for loss of consortium, is consistent with the record presented to this court. A jury could well have reached the result that it did in this case based upon the conflicting evidence presented as to whether Mr. DeVolder suffered a loss of consortium. See Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980). See also Tieche v. Panlener, 504 So.2d 49 (Fla. 2d DCA 1987).
We reverse and remand to the trial court with directions to strike the seat belt defense and to otherwise enter judgment in favor of Mrs. DeVolder consistent with the unreduced amount of the verdict as reached by the jury.
RYDER, A.C.J., and DANAHY, J., concur.