550 So.2d 1155 (1989)
Jeffrey KNAPP and Dina Knapp, Appellants,
v.
Francis SHORES, As Personal Representative of the Estate of Michael Shores, Deceased, Appellee.
No. 88-774.
District Court of Appeal of Florida, Third District.
October 3, 1989.
Rehearing Denied November 17, 1989.
*1156 Freidin & Hirsh and Barbara Green, Miami, for appellants.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellee.
Before HUBBART and BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Jeffrey and Dina Knapp from a final judgment entered upon a jury verdict which found: (1) no permanent injury to the plaintiff Jeffrey Knapp, resulting in a no-damage verdict for him, and (2) $30,000 in damages for the plaintiff Dina Knapp, which damages were reduced by 50% due to the latter's failure to use a seat belt. The action below sounded in negligence and arose out of an automobile accident; liability was admitted, and the trial was on damages only. We reverse for a new trial as to the plaintiff Jeffrey Knapp, and affirm as to the plaintiff Dina Knapp except for the comparative negligence finding which is stricken. We reach these results based on the following briefly stated legal analysis.
First, we conclude that the trial court committed reversible error as to the plaintiff Jeffrey Knapp based on the circumstances of this case in (1) limiting the voir dire of the prospective jury to a total of fifteen minutes for both plaintiffs after the court had conducted a very short voir dire consisting of only seven general questions, Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982) (twenty-minute voir dire of jury for one defendant after short voir dire by court held reversible error); cf. Allen v. Se-Go Indus., 510 So.2d 1097 (Fla. 3d DCA) (twenty-minute voir dire for one plaintiff upheld after extensive voir dire by court), rev. denied, 518 So.2d 1273 (Fla. 1987), and (2) limiting the closing arguments to the jury for both plaintiffs to thirty-five minutes after seven days of trial in which twenty witnesses were called and complex medical evidence was adduced concerning a claimed brain injury to the plaintiff Jeffrey Knapp. Bell v. Harland Rayvals Trans., Ltd., 501 So.2d 1321 (Fla. 4th DCA 1986) (thirty-minute limitation on closing argument held reversible error); Strong v. Mt. Dora Growers Coop., 495 So.2d 1238 (Fla. 5th DCA 1986) (twenty-minute limitation on closing argument held reversible error); Maleh v. Florida East Coast Properties, Inc., 491 So.2d 290 (Fla. 3d DCA 1986) (fifteen-minute limitation on closing argument held reversible error). *1157 We further conclude that the trial court's limitation of ten minutes on the opening statement to the jury for both plaintiffs would have presented reversible error if the plaintiffs' counsel's objection below had been timely made; we trust, however, that upon retrial this unreasonable time limitation for opening statements will not be repeated. Maleh. The plaintiff Jeffrey Knapp's remaining points on appeal need not be addressed as they are unlikely to recur on retrial.
Second, we conclude that the plaintiff Dina Knapp's sole point on appeal presents reversible error. There was utterly no evidence adduced below that Dina Knapp's seat belt in the subject automobile, in which she was riding as a passenger, was "fully operational," and, thus, there was no legal basis upon which to submit the defendant's seat-belt defense to the jury. See Insurance Co. of North America v. Pasakarnis, 451 So.2d 447, 449 (Fla. 1984). The testimony of the plaintiff Jeffrey Knapp that the equipment in the subject automobile was in "working order" does not establish, as urged, that Dina Knapp's seat belt was fully operational. Youngentob v. Allstate Ins. Co., 519 So.2d 636 (Fla. 4th DCA 1987). Nor does Dina Knapp's testimony that "we used to use [the seat belts] sometimes and sometimes not" constitute sufficient evidence to establish that the seat belt was fully operational. Devolder v. Sandage, 544 So.2d 1046 (Fla. 2d DCA 1989). As observed by the Devolder court, Florida courts have consistently required that in order for the defendant in a negligence action arising out of an automobile accident to assert a seat-belt defense, said defendant must, inter alia, adduce "competent evidence to show that, at or near the time of the accident, the seat belt or belts in the [plaintiff's] vehicle were anchored to the vehicle body and contained buckles which close securely when utilized or tested." Id. at 1047. Clearly, the above evidence does not rise to that level. See DeLong v. The Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989).
The final judgment under review as to the plaintiff Dina Knapp is affirmed save for the 50% reduction in damages which is hereby stricken. The final judgment under review as to the plaintiff Jeffrey Knapp is reversed, and the cause is remanded to the trial court for a new trial.
Affirmed in part; reversed in part.