566 So.2d 864 (1990)
Irma J. SMITH, Appellant,
v.
HOLY TEMPLE CHURCH OF GOD IN CHRIST, INC., Appellee.
No. 89-1873.
District Court of Appeal of Florida, First District.
September 5, 1990.
Fred T. Stapp of Stapp & Martin, Jacksonville, for appellant.
S. Gordon Blalock of Blalock, Holbrook & Akel, Jacksonville, for appellee.
MINER, Judge.
Appellant, Irma J. Smith, was injured when the automobile in which she was a passenger collided with an automobile owned by appellee, Holy Temple Church of God in Christ, Inc. Although appellant brought suit and obtained a verdict, the jury found that 80% of her damages resulted from her failure to use a seat belt. On appeal, appellant argues that the jury should not have been instructed on the seat belt defense because it had not been established that appellant failed to use an available and fully operational seat belt. We agree and reverse. Appellee has filed a cross-appeal which we find to be without merit and as to which we affirm without further elaboration.
At trial, appellee established that there was a seat belt apparatus on appellant's seat at the time of the accident. Appellant admitted not wearing her seat belt, and in fact testified that she was thankful not to have worn the belt based upon her belief that a seat belt would have caused additional injuries. No evidence was produced as to whether the seat belt was operational.
At the charge conference, appellant's counsel opposed an instruction on the seat belt defense arguing that the defense was unavailable absent proof that appellant's seat belt was operational. Appellee's counsel responded that operability could be inferred from appellant's testimony. The trial court gave the instruction despite finding "no specific statement [that the seat belts] were operational." The jury set appellant's damages at $300,000, but found appellant responsible for 80% of the damages due to her failure to wear a seat belt. The trial court denied appellant's motion for judgment notwithstanding the verdict, and entered judgment for her in the reduced amount of $60,000. This appeal and cross-appeal followed.
In order to send a seat belt defense to the jury, the defendant must produce competent evidence that plaintiff failed to use an operational seat belt and that nonuse of the belt produced or contributed substantially to producing at least a portion of the plaintiff's damages. Insurance *865 Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984). What constitutes competent evidence of operability sufficient to get the question to the jury is at issue in the instant case.
In American Automobile Association v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987), this court found that the defendant raised a jury question on operability by showing that the automobile was relatively new, in good condition, and was equipped with seat belts that "clicked." The cases attach special significance to the "click" because the belts snapping closed is at least some evidence of operability. See DeLong v. The Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989); Youngentob v. Allstate Ins. Co., 519 So.2d 636 (Fla. 4th DCA 1987). Other cases have adopted a similar position, refusing to submit the question of operability to the jury unless competent evidence established that at the time of the accident the belts were anchored to the vehicle body and had buckles which closed securely. See Knapp v. Shores, 550 So.2d 1155 (Fla. 3d DCA 1989); DeVolder v. Sandage, 544 So.2d 1046 (Fla. 2d DCA 1989).
In the instant case, there was no competent evidence presented to send the seat belt defense to the jury. Although the evidence established that a seat belt apparatus was available, there was nothing to show that appellant's apparatus was fully operational at the time of the accident. The evidence did not establish that appellant's seat belt "clicked," nor was it shown that the belt was anchored to the vehicle body. Consequently, it was error to instruct the jury on the seat belt defense. Because appellant's failure to use a seat belt was the sole basis for reducing her verdict, we remand the case for entry of a judgment for appellant for the entire verdict amount.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WIGGINTON and ALLEN, JJ., concur.