578 So.2d 58 (1991)
Mirta N. BARCELLO, Appellant,
v.
Irving W. RUBIN, Appellee.
No. 89-2770.
District Court of Appeal of Florida, Fourth District.
April 24, 1991.
Diana Santa Maria of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
James C. Sawran of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for appellee.
WARNER, Judge.
This is an appeal from a judgment for damages for personal injuries sustained by appellant as a result of an automobile accident. Appellant claims that the trial court erred in submitting the question of the seat belt defense to the jury. We agree and reverse in part.
Appellant was involved in an automobile collision and sustained injuries when her chest and head hit the steering wheel. She testified that she was wearing her seat belt and that she believed that she had heard it click when she put it on that day. Appellee called an accident reconstruction expert who expressed an opinion that because appellant hit her chest or face on the steering wheel in the slow speed collision, either she was not wearing her seat belt or it was not operational. An operational seat belt would have prevented her from hitting the steering wheel. However, a careful reading of his testimony reveals that on cross-examination he referred to the shoulder harness as preventing her from forcefully striking the steering wheel.
Q. With respect to this seat belt situation, you are not here to tell the ladies and gentlemen of this jury that a seat belt would have prevented her from you [sic] hitting her head or mouth on the steering wheel, are you?
A... . In response to your question, her head may have struck the steering wheel with a much lesser amount of force than what would occur if she were not wearing her shoulder harness.
In other words, he was clearly focusing on a failure to wear a shoulder harness (or its improper operation) as contributing to her injuries caused by striking the steering wheel. The expert gave no further testimony with respect to the mechanics of the seat belt.
In rebuttal appellant called an expert who testified that even wearing a seat belt and shoulder harness may not prevent the *59 injuries suffered from hitting the steering wheel. More importantly to our inquiry here, the expert also testified that a seat belt may not be functional even when a click is heard when a person attempts to engage it.
After the Supreme Court adopted the seat belt defense in Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), this court held in Booth v. Abbey Road Beef & Booze, Inc., 532 So.2d 1288 (Fla. 4th DCA 1988):
Because this issue is a defense it is up to the defense to prove that:
One) There was a seat belt available to plaintiff;
Two) It was fully operational;
Three) Plaintiff failed to use it... .
532 So.2d at 1290. With appellant claiming that she was wearing her seat belt, appellee had to prove both that the seat belt was operational and that appellant was not wearing it. To reach the conclusion that the seat belt was operational appellee points to the testimony of appellant that she heard the belt click, and cites American Auto. Ass'n, Inc. v. Tehrani, 508 So.2d 365 (Fla. 1st DCA 1987). In that case the evidence showed that the automobile involved in the collision was relatively new and was equipped with seat belts which "clicked". The court held that this evidence was sufficient to raise a jury issue as to whether the seat belt was fully operational.
We think Tehrani is distinguishable. In Tehrani, the injured plaintiff admitted that he had not been wearing his seat belt, and there was expert testimony presented that his injuries would have been less severe had he been wearing it. There was no expert testimony presented with respect to the operation of the seat belt. In contrast, in this case the appellant testified that she was wearing her seat belt, and her seat belt expert testified that a "click" would not indicate that belt was operational. Further, since the appellee's expert testified that the injuries would not have been as severe had she been wearing a shoulder harness, we cannot see how the clicking lap belt alone gives evidence that the shoulder harness portion of the three point system is working. While Tehrani stands for the proposition that a seat belt "click" in that case provided some evidence of operability where there was no contradictory evidence, the same cannot be said for the instant case.
We think that what appellee has done in this case is to pile inference upon inference in order to come to the ultimate conclusion that appellant's injuries were exacerbated by her failure to use a seat belt. Appellee's expert testified that appellant's injuries were caused either by her failure to wear a seat belt or by the fact that the seat belt she used was not operational. With appellant testifying directly that she was wearing a seat belt, appellee must first have the jury infer from the "click" that the seat belt was operational. Then the jury must infer that appellant was not wearing her seat belt because an operational seat belt would have prevented the injuries suffered. An ultimate fact may be proved by piling inferences on top of inferences only if the initial inference is established to the exclusion of any other reasonable theory. Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla. 1954). Here, given the testimony by appellant's expert that a seat belt's operability cannot be determined by a mere click, the initial inference has not been established to the exclusion of other reasonable theories. Since the evidence thus failed to prove the seat belt defense, the trial court erred in submitting it to the jury.
We find no error in the remaining points on appeal. We therefore affirm in part and reverse in part and direct that on remand that judgment be entered in favor of appellant for the amount of the verdict less the percentage attributable to appellant's comparative negligence but that no reduction be allowed for appellant's unproved failure to wear her seat belt.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
*60 DELL, J., concurs.
STONE, J., concurs in part, dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
In my judgment it was not error to submit the seat belt issue to the jury. There was evidence that the plaintiff connected and used the belt, obviously believing it to be operational. There was also expert impact testimony impeaching that testimony. To impose an additional burden on the defense, on the possibility that the shoulder portion of the belt might not be functioning, essentially requires the testing of belts by a mechanic or engineer following the accident in order for the defense to be raised.
In all other respects I concur with the majority opinion.