ON REHEARING
PER CURIAM.
In this wrongful death action, appellant, Ethel Louise Howell, as Personal Representative of the Estate of Talley Murdock Howell, deceased, raises seven issues, the majority of which constituted “jury arguments” that require affirmance, because there was some evidence, albeit conflicting, which, if believed by the jury, could support the verdict. See, e.g., Trend Realty of Gainesville, Inc. v. Bullard, 461 So.2d 298, 299 (Fla. 1st DCA 1985); Hawk v. Seaboard Sys. R.R., 547 So.2d 669, 671 (Fla. 2d DCA), review dismissed, 549 So.2d 1014 (Fla.1989).
On rehearing, appellant claims that our prior per curiam affirmance without opinion represents a conflict with Smith v. Holy Temple Church of God in Christ, Inc., 566 So.2d 864 (Fla. 1st DCA 1990). Specifically, appellant argues that Smith required the appellees to establish, as part of the seat belt defense, the operability of the seat belt by showing that it clicked when fastened and that it was anchored to the vehicle. It is axiomatic in Florida that before the seat belt defense may be applied, the defendant has the burden of proving, among other things, that the seat belt in question was operational. Insurance Co. of N. Am. v. Pasakarnis, 451 So.2d 447, 454 (Fla.1984). Although opera-bility may be proven by evidence that the seat belt clicked when fastened and that it was anchored to the vehicle, as alluded to in Smith, operability may also be established by expert testimony based upon tests performed on the seat belt in question. Here, the defendants’ expert performed two tests on the seat belt and opined that it was operational. Thus, sufficient evidence was presented to submit the seat belt defense issue to the jury. See, e.g., American Auto. Ass’n v. Tehrani, 508 So.2d 365, 368 (Fla. 1st DCA 1987) (evidence of relatively new car in good condition with seat belts that clicked was sufficient to create jury question on seat belt defense). Cf. Youngentob v. Allstate Ins. Co., 519 So.2d 636, 636 (Fla. 4th DCA 1987) (when there is absolutely no evidence as to operability other than the fact that the car was in good condition, it is reversible error to give seat belt instruction).
As for the applicability of Section 316.-614, Florida Statutes (Supp.1990), this issue was not raised below and was consequently waived. See CNA Ins. v. Minton, 334 So.2d 257 (Fla.1976) (application of Hoffman v. Jones, 280 So.2d 431 (Fla.1973) comparative negligence rule was not raised below and therefore not preserved on appeal); Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973) (trial court’s alleged misconstruction of statutes relating to issuance of tax deeds was not raised below and could not be heard for the first time on appeal).
*1085 Appellant’s motion for rehearing is denied and the judgment is AFFIRMED.
ERVIN, SMITH and ALLEN, JJ., concur.