LETTS, Judge.
In an automobile accident case, the trial judge permitted the defendant to present the seat belt defense to the jury although *612 there was no evidence that the seat belt in the injured plaintiffs vehicle was fully operational. We reverse.
We have already had this case before us on a different issue, Curtis v. Bulldog Leasing Co., 513 So.2d 238 (Fla. 4th DCA 1987). It now returns on the question of the seat belt defense, the defendant having established that the injured plaintiff was not wearing her seat belt at the time of impact.
As we said in Youngentob v. Allstate Insurance Co., 519 So.2d 636 (Fla. 4th DCA 1987), the outcome is controlled by the supreme court’s decision in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984). Pasakar-nis made it absolutely clear that there must be proof that the seat belt was fully operational. We have scoured the record in the case now before us and conclude, as we did in Youngentob, that there is no credible proof that the belt was fully operational. There is evidence that the accident vehicle was equipped with an available seat belt, but nothing to show that this particular seat belt was operational upon the occasion of the accident or at any time reasonably close thereto. See Knapp v. Shores, 550 So.2d 1155 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 634 (Fla.1990).
The present state of the law perhaps is not completely satisfactory. As we see it, it cannot be easy for the defense to establish whether or not a seat belt is fully operational short of going to the accident vehicle and inspecting it or being fortunate enough to obtain a witness who has used it. Few drivers examined on the stand would know whether their seat belts were “fully operational,” Pasakarnis, 451 So.2d at 455, even if there was a “click” when the seat belt was inserted into the buckle. See Youngentob. Instead, the question is: would the belt restrain the driver or passenger upon impact? Moreover, when Pa-sakarnis was written in 1984, the court specifically noted that it rejected the thought that failure to wear a seat belt might be negligence per se “because Florida does not, by statute, require the use of available seat belts.” It is not necessary here to address this tantalizing latter thought, now that Florida does have a mandatory seat belt restraint statute, because, the instant accident occurred back in 1981. § 316.614, Fla.Stat. (1991).
In conclusion, we reverse and remand for a new trial both on the question of liability and damages. The verdict form contained an actual interrogatory on the question of whether the failure to use the seat belt contributed to the plaintiffs damages, but the jury found the plaintiff responsible for ninety percent of the negligence which was the legal cause of the accident. How much of that allocation was attributable to her striking the tractor-trailer parked on the shoulder rather than on the road[1] we have no way of knowing, but we are confident some of it was attributable to the failure to wear a seat belt.
We obviously are aware of Judge An-stead’s dissent and his footnote on the seat belt issue, but there is more to the verdict form than that. Preceding the seat belt interrogatory were three others that we deem important to our conclusion. They were:
2. Was there negligence on the part of the Plaintiff, Susan Curtis which was a legal cause of the accident?
Yes X NO_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, do not answer question 3 but answer question 4.
3. State the percentage of any negligence, which is a legal cause of the accident that you charge to:
Plaintiff, Susan Curtis 90 %
Defendants, Crawford Catia and Suwannee Transfer Company, Inc. 10 %
Total must be 100%
*613 Your answer to question 3 must total 100%. Please answer question 4.
4. What is the total amount (100%) of any damages sustained by Plaintiff, Susan Curtis and caused by the incident in question?
Total damages of Susan Curtis $275,-000.00.
In determining the total amount of damages, do not make any reduction because of negligence, if any, of Plaintiff, Susan Curtis. If you have found Plaintiff, Susan Curtis, negligent in any degree, the Court in entering judgment will reduce Plaintiff’s total amount of damages (100%) by the percentage of negligence which you found is chargeable to Plaintiff.
The final judgment in favor of the plaintiff was for zero dollars. This figure came about because the $275,000 total verdict was reduced by 90% to $27,500 and then further reduced by 67.5% from $27,500 to $8,938. Meanwhile, the plaintiff had settled with a joint tort feasor for $15,000, thus explaining the zero verdict.
As we see it, the circumstances under which this jury arrived at the percentages of negligence are so confusing that we cannot be sure with mathematical exactitude what the outcome would have been had the jury not considered the seat belt defense, as indeed it should not have done. That is why we conclude that a new trial should be held on liability as well as damages to insure the result here does not amount to double-dipping.
We find no other reversible error.
REVERSED AND REMANDED.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.

. Factual support on where the tractor-trailer was parked was not enunciated in this decision but it was in our previous opinion when last this matter was before the court.