ANSTEAD, Judge,
dissenting.
In my view the record contains sufficient evidence to- permit the jury to consider the seat belt issue. Even if that finding is reversed, however, there is no necessity for a new trial. Rather, the case should be remanded with instructions that the damage reduction related to the seat belt issue be stricken.[2]
We have conflicting rulings on this issue. In Barcello v. Rubin, 578 So.2d 58 (Fla. 4th DCA), rev. denied, 589 So.2d 292 (Fla.1991), we remanded with directions to simply correct any reduction occasioned by an erroneous submission of the seat belt issue. Previously, in Youngentob we ruled just the opposite. Other districts have ruled that a simple remand to recompute the net damages is sufficient, without requiring a new trial. See Smith v. Holy Temple Church of God in Christ, Inc., 566 So.2d 864 (Fla. 1st DCA 1990); Knapp v. Shores, 550 So.2d 1155 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 634 (Fla.1990); Devolder v. Sandage, 544 So.2d 1046 (Fla. 2d DCA 1989); DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989).
In deviating from the holding in Barcel-lo, the majority apparently relies on the fact that there was also an issue of comparative negligence submitted here. In fact, that was also the situation in Barcello, where we held:
We find no error in the remaining points on appeal. We therefore affirm in *614 part and reverse in part and direct that on remand that judgment be entered in favor of appellant for the amount of the verdict less the percentage attributable to appellant’s comparative negligence but that no reduction be allowed for appellant’s unproved failure to wear her seat belt.
Id. 578 So.2d at 59. Our holding today obviously conflicts with the holding in Bar-cello.

. The verdict form contained specific interrogatories on the seat belt issue:
6. Did the Plaintiff, Susan Curtis’ failure to use the seat belt produce or contribute substantially to producing any of the Plaintiff, Susan Curtis’ damages?
YES X NO
If your answer to question is NO, you should not proceed further. Return your verdict to the courtroom. If your answer to question 6 is YES, please answer question 7.
7. What percentage of Plaintiff, Susan Curtis' total damages were caused by her failure to use an available and fully operational seat belt?
67.5 ⅜
Do not make any reduction of total damages because of Susan Curtis’ failure to wear a seat belt. The Court in entering judgment will make the appropriate reduction.
So say we all.