GERSTEN, Judge.
Appellant, Maria Ramos (Ramos), appeals an order reducing a jury’s award of her damages in a personal injury action.[1] We reverse.
Ramos, a passenger in appellee’s van, sustained injuries when the van stopped suddenly to avoid an accident. Ramos, who did not have her seat belt fastened, was thrown from her seat, knocked unconscious and suffered various physical injuries.
At trial, appellee asserted two defenses: 1) that Ramos was comparatively negligent and, 2) that failure to fasten her seat belt contributed substantially to her injuries. Appellee presented no testimony indicating that the seat belt was “fully operational.” Additionally, there was no competent evidence establishing that Ramos was comparatively negligent.
Although Ramos moved for a directed verdict on both defenses, the trial judge denied the motion. Then, when the case was submitted to the jury, the trial judge instructed the jury to consider whether or not Ramos was comparatively negligent and whether Ramos’ failure to use her seat belt produced or contributed substantially to her injuries.
The jury returned a $20,000.00 verdict in favor of Ramos. However, on the special verdict form, the jury found that Ramos was 80% comparatively negligent and that her damages should be reduced by another 80% because of her failure to wear a seat belt. Thus, the trial court twice reduced the damages to an ultimate award of only $800.00.
Ramos asserts that the trial court reversibly erred by denying her motion for directed verdict on the seat belt and comparative negligence defenses. She argues that the jury’s award for $20,000.00 should be reinstated. We agree.
Insurance Co. of North America v. Pasar karnis, 451 So.2d 447, 449 (Fla.1984), establishes that “evidence of failure to wear an available and fully operational seat belt may be considered by the jury in assessing a plaintiffs damages where the ‘seat belt defense’ is pled.” Additionally, the defense must present competent evidence that “failure to use the seat belt produced or contributed substantially to producing at least a portion of the damages.” Id.
Knapp v. Shores, 550 So.2d 1155, 1157 (Fla. 3d DCA 1989), review denied, 563 So.2d 634 (Fla.1990), reversed a final judgment because no evidence established that an automobile’s seat belt was fully operational. Knapp observed that “in order for the defendant in a negligence action arising out of an automobile accident to assert a seat belt defense,” he must adduce “competent evidence to show that, at or near the time of the accident, the seat belt or belts in the [plaintiffs] vehicle were anchored to the vehicle body and contained buckles which close securely when utilized or tested.” Id. (quoting Devolder v. Sandage, 544 So.2d 1046, 1047 (Fla. 2d DCA 1989)).
Here, as in Knapp, there was no evidence of “fully operational” seat belts. Therefore, there was no basis for submitting appellee’s *1257 seat belt defense to the jury. As such, it was error to reduce the damages for the alleged seat belt defense.
Next, the record was devoid of evidence establishing that Ramos failed to exercise reasonable care constituting comparative negligence. Pasakarnis, 451 So.2d at 454. Additionally, there was no evidence that Ramos’ failure to fasten her seat belt was the proximate cause of her accident. See Hoffman v. Jones, 280 So.2d 431, 438 (Fla.1973). Nonuse of an available seat belt should not be considered by the jury in resolving the issue of liability unless it has been pled and proved that the nonuse was the proximate cause of the accident. Pasakarnis, 451 So.2d at 454.
Accordingly, we reverse and remand with directions to reinstate the jury’s verdict for $20,000.00.
Reversed and remanded.

. Appellee has not otherwise cross-appealed the final judgment.